Joel E. Elkins (SBN 256020)
jelkins@weisslawllp.com
**WEISSLAW LLP**
9107 Wilshire Blvd., Suite 450
Beverly Hills, CA 90210
Telephone: 310/208-2800
Facsimile:  310/209-2348

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

|  |  |  |
|---|---|---|
| BARBARA WOLFSON, | : | Case No._____ |
| Plaintiff, | : | |
| | : | |
| v. | : | **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| | : | |
| PRINCIPIA BIOPHARMA INC., DAN BECKER, PATRICK MACHADO, ALAN B. COLOWICK, SIMEON GEORGE, SHAWN TOMASELLO, MARTIN BABLER, and SHAO-LEE LIN, | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

Plaintiff Barbara Wolfson ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through her counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for her Complaint:

**NATURE OF THE ACTION**

1.     Plaintiff brings this action against Principia Biopharma Inc. ("Principia" or the

- 1 -
COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

"Company") and the members of its Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(e), 78t(a), and to enjoin the expiration of a tender offer by Aventis Inc. ("Aventis") and Kortex Acquisition Corp. ("Purchaser") (the "Offer"), subsidiaries of Sanofi ("Sanofi") (the "Proposed Transaction").

2.    On August 17, 2020, Principia announced that it had entered into an Agreement and Plan of Merger with Sanofi (the "Merger Agreement"), pursuant to which Sanofi will acquire all outstanding shares of Principia for $100.00 in cash.  The Offer is scheduled to expire at one minute after 11:59 p.m., Eastern Time, on September 25, 2020.

3.    On August 28, 2020, in order to convince Principia's common stockholders to tender their shares in the Offer, defendants filed a Schedule 14D-9 Solicitation/Recommendation Statement (the "14D-9") with the SEC, which omits or misrepresents material information concerning, among other things: (i) Principia management's financial projections, relied upon by the Company's financial advisors, Centerview Partners LLC ("Centerview") and BofA Securities, Inc. ("BofA"), in their financial analyses; (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinions provided by Centerview and BofA; and (iii) Company insiders' potential conflicts of interest.  The failure to adequately disclose such material information renders the 14D-9 false and misleading.

4.    For these reasons, and as set forth in detail herein, Plaintiff alleges that defendants violated Sections 14(e) and 20(a) of the Exchange Act as Principia's stockholders need such information in order to make a sufficiently informed decision whether to tender their shares in support of the Proposed Transaction or seek appraisal.

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(e) and 20(a) of the Exchange Act pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

6.      This Court has jurisdiction over the defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arose in this District, where a substantial portion of the actionable conduct took place, where most of the documents are electronically stored, and where the evidence exists.  Principia is incorporated in Delaware and is headquartered in this District.  Moreover, each of the Individual Defendants, as Company officers or directors, either resides in this District or has extensive contacts within this District.

**PARTIES**

8.      Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Principia.

9.      Defendant Principia is a Delaware corporation with its principal executive offices located at 220 East Grand Avenue, South San Francisco, California 94080.  Principia's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "PRNB."

10.     Defendant Dan Becker has served as a director of the Company since January 2017.

11.     Defendant Patrick Machado has served as a director of the Company since June 2019.

12.     Defendant Alan B. Colowick has served as Chair of the Board since April 2019 and as a director of the Company since February 2017.

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

13.    Defendant Simeon George has served as a director of the Company since February 2011.

14.    Defendant Shawn Tomasello has served as a director of the Company since August 2019.

15.    Defendant Martin Babler has served as Chief Executive Officer of the Company since April 2011 and as President and a director of the Company since April 2019.

16.    Defendant Shao-Lee Lin has served as a director of the Company since April 2019.

17.    Defendants identified in paragraphs 10 to 16 are collectively referred to herein as the "Board" or the "Individual Defendants."

18.    Relevant non-party Sanofi is a French corporation and a global biopharmaceutical company focused on human health through the manufacture of vaccines and other treatments. Sanofi's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "SNY."

## SUBSTANTIVE ALLEGATIONS

**Background of the Company and the Proposed Transaction**

19.    Principia is a late-stage biopharmaceutical company focused on developing novel therapies for immune-mediated diseases.  The Company's proprietary Tailored Covalency platform enables Principia to design and develop reversible covalent and irreversible covalent, small molecule inhibitors with potencies and selectivities that Principia believes will rival injectable biologics, but with the convenience of an oral or topical therapy.

20.    The Company's wholly owned Bruton Tyrosine Kinase ("BTK") inhibitor, rilzabrutinib, is currently being evaluated in a global Phase 3 clinical trial in participants with pemphigus and a Phase 1/2 clinical trial in participants with immune thrombocytopenia ("ITP").

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

Principia also plans to initiate a Phase 2 clinical trial in participants with IgG4-Related Diseases and a Phase 3 trial in ITP.

21.    The Company's overall portfolio includes rilzabrutinib, PRN2246/SAR442168, PRN473 Topical, PRN1371 and an oral immunoproteasome inhibitor program. The Company retains full, worldwide rights to rilzabrutinib, PRN473 Topical, PRN1371 and its oral immunoproteasome inhibitor program, and has an ongoing collaboration with Sanofi for PRN2246/SAR442168.

22.    On August 6, 2020, the Company announced its second quarter 2020 financial results, including $50 million in collaboration revenue associated with the Company's partnership agreement with Sanofi, compared to $30 million in the second quarter of 2019, and net income of $10.8 million, compared to $7.1 million for the second quarter of 2019.

23.    On August 17, 2020, Principia and Sanofi issued a joint press release announcing the Proposed Transaction. The press release stated, in relevant part:

> PARIS and SOUTH SAN FRANCISCO, Calif. – August 17, 2020 – Sanofi and Principia Biopharma Inc. (NASDAQ: PRNB), a late-stage biopharmaceutical company focused on developing treatments for immune-mediated diseases, entered into a definitive agreement under which Sanofi will acquire all of the outstanding shares of Principia for $100 per share in cash, which represents an aggregate equity value of approximately $3.68 billion (on a fully diluted basis). The Sanofi and Principia Boards of Directors unanimously approved the transaction.

> "This acquisition advances our ongoing R&D transformation to accelerate development of the most promising medicines that will address significant patient needs," said Paul Hudson, Sanofi Chief Executive Officer. "The addition of multiple BTK inhibitors to our pipeline demonstrates our commitment to strategic product acquisitions in our priority therapeutic areas. Full ownership of our brain-penetrant BTK inhibitor '168 removes complexities for this priority development program and simplifies future commercialization."

> "The Phase 2b data in relapsing multiple sclerosis showed the strong potential of '168 to address disability and disease progression, and triggered the start of Phase 3 studies across the full spectrum of MS. Through this acquisition, we will be able to expand and accelerate development of BTK inhibitors across multiple indications. Both '168 and rilzabrutinib, have 'pipeline in a product' potential, and we look forward to unlocking their full treatment benefits across an array of diseases," said John Reed, M.D., Ph.D., Global Head of Research & Development at Sanofi.

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

"Principia's successful design and development of a whole portfolio of BTK inhibitors for immunology is aimed to transform the treatment for patients with immune-mediated diseases. By combining with Sanofi, we will bring significant resources to expand and accelerate the potential benefits of these therapies. The benefit of developing several BTK inhibitors will allow us to target specific organ systems for optimal patient benefit. The merger will provide global resources to get these novel therapies to patients faster," said Martin Babler, President and CEO at Principia Biopharma.

Principia's Bruton tyrosine kinase (BTK) inhibitors add to Sanofi's efforts to accelerate and build a portfolio of the next generation of transformative treatments for autoimmune diseases. BTK is present in the signaling pathways of key innate and adaptive cell types of the immune system. Being able to block or disrupt these signaling processes can help in stopping inflammation and tissue destruction related to autoimmune diseases and target some of the underlying pathophysiology.

- **BTK inhibitor '168**: In a Phase 2b study in patients with multiple sclerosis, '168 reduced Gd-enhancing T1 hyperintense lesions by 85% compared to placebo. In June, Sanofi announced the first multiple sclerosis patient was enrolled in the Phase 3 program for the BTK inhibitor, comprising four pivotal clinical trials across the disease spectrum. The Principia acquisition will provide an opportunity to expand the development program to evaluate indications beyond central nervous system diseases.

- **Rilzabrutinib**: This oral BTK inhibitor is currently being evaluated in a Phase 3 program for patients with moderate to severe pemphigus, a rare, debilitating autoimmune disease that causes blistering of the skin and mucous membranes. A Phase 3 program for immune thrombocytopenia, a disease that causes high risk for bleeding events, is expected to be initiated by the end of 2020, assuming no COVID-19 related impact. The company also has an ongoing Phase 2 program for IgG4-related diseases, which is driven by chronic inflammation, immune cell infiltration, and fibrosis within organs that can lead to severe morbidity.

- **PRN473 Topical**: This BTK inhibitor is a topical agent currently in Phase 1 trials and is being developed for immune-mediated diseases that could benefit from localized application to the skin.

The Principia BTK inhibitor franchise is based on its proprietary Tailored Covalency® platform that has generated potential best-in-class clinical candidates. The platform allows the design of both reversible covalent and irreversible covalent small molecule inhibitors that are more selective with less off-target effects. The optimized target residence time has potential to deliver a desired efficacy with a stronger safety profile.

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

In 2017, Sanofi formed a collaboration with Principia under which Principia granted Sanofi an exclusive, worldwide license to develop and commercialize BTK inhibitor '168 in multiple sclerosis and other central nervous system diseases.

**Transaction Terms**

Under the terms of the merger agreement, Sanofi will commence a cash tender offer to acquire all outstanding shares of Principia common stock for $100 per share in cash for a total enterprise value of approximately $3.36 billion.

The consummation of the tender offer is subject to customary closing conditions, including the tender of at least a majority of the outstanding shares of Principia common stock, the expiration or termination of the waiting period under the Hart-Scott-Rodino Antitrust Improvements Act of 1976, and other customary conditions. Following the successful completion of the tender offer, a wholly owned subsidiary of Sanofi will merge with Principia and the outstanding Principia shares not tendered in the tender offer will be converted into the right to receive the same $100 per share in cash paid in the tender offer. The tender offer is expected to commence later this month. Sanofi plans to finance the transaction with cash on hand. Subject to the satisfaction or waiver of customary closing conditions, Sanofi expects to complete the acquisition in the fourth quarter of 2020.

**The 14D-9 Misleads Principia Stockholders by Omitting Material Information**

28.     On August 28, 2020, defendants filed the materially incomplete and misleading 14D-9 with the SEC.  Designed to convince the Company's stockholders to tender their shares in the Offer, the 14D-9 is rendered misleading by the omission of critical information concerning: (i) Principia management's financial projections, relied upon by the Company's financial advisors Centerview and BofA in their financial analyses; (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinions provided by Centerview and BofA; and (iii) Company insiders' potential conflicts of interest.

***Material Omissions Concerning Principia's Financial Projections***

29.     The 14D-9 omits material information regarding the Company's financial projections.

30.     For example, the 14D-9 sets forth:

[I]n connection with the review of potential strategic alternatives, including Principia's evaluation of the Merger, our senior management, at the direction of the Board, prepared unaudited, long-range financial projections (collectively, the "Projections").

- 7 -

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

> Our senior management modeled two scenarios, including (a) a case that assumed (i) a loss of patent exclusivity of rilzabrutinib in 2036, (ii) market penetration of rilzabrutinib of 25%-30% across patients with higher unmet need, (iii) a loss of patent exclusivity of PRN2246 in 2038, and (iv) that Principia exercised its Co-Funding Option (collectively, the "Case A Projections") and (b) a case (the "Case B Projections") that included each of the assumptions in the Case A Projections listed above in clauses (i)-(iv), and which case differed primarily from the Case A Projections in relation to rilzabrutinib's addressable patient population, with the Case B Projections reflecting upside assumptions of higher prevalence in certain indications and penetration into earlier lines of therapy.

> Principia management provided the Projections to our Board and to Centerview and BofA Securities and, consistent with the view of Principia management that the Case A Projections then reflected the best currently available estimates and good faith judgments of management as to the future financial performance of Principia *on a risk adjusted basis*, our Board directed each of Centerview and BofA Securities, respectively, to use the Case A Projections in connection with the rendering of its fairness opinion to the Board and performing its related financial analyses.

14D-9 at 26 (emphasis added).  The 14D-9 fails, however, to disclose the specific risk adjustments that were made to the Company's projections.

31.    Additionally, the 14D-9 fails to disclose the un-risked projections so Principia stockholders can evaluate the financial impact the Company's risk-adjustments had on the projections.

32.    The 14D-9 further fails to disclose the line items underlying the calculation of the Company's unlevered free cash flows, including (i) EBIT; (ii) taxes; (iii) depreciation and amortization; (iv) capital expenditures; (v) changes in net working capital; and (vi) stock based compensation.

33.    The omission of this information renders certain portions of the 14D-9 materially misleading, including, inter alia, the following section of the 14D-9: "Certain Financial Projections."

***Material Omissions Concerning Centerview's and BofA's Financial Analyses***

34.    The 14D-9 also omits material information regarding Centerview's and BofA's financial analyses.

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

35.     The 14D-9 describes Centerview's and BofA's fairness opinions and the various valuation analyses performed in support of their opinions.  However, the description of Centerview's and BofA's fairness opinions and analyses fails to include key inputs and assumptions underlying these analyses.  Without this information, as described below, Principia's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Centerview's and BofA's fairness opinions in determining whether to tender their shares in the Proposed Transaction or seek appraisal.

36.     With respect to Centerview's *Selected Public Company Analysis*, the 14D-9 fails to disclose the individual multiples and financial metrics for each of the companies analyzed by Centerview.

37.     With respect to Centerview's *Selected Precedent Transactions Analysis*, the 14D-9 fails to disclose the individual multiples and financial metrics for each of the transactions analyzed by Centerview.

38.     With respect to Centerview's *Discounted Cash Flow Analysis*, the 14D-9 fails to disclose: (i) the individual inputs and assumptions underlying the discount rate range of 10% to 12%; (ii) the present value of the estimated costs associated with additional future equity raises; (iii) the fully diluted outstanding shares as of August 14, 2020, as provided by Company management; and (iv) the basis for assuming that unlevered free cash flows would decline in perpetuity after December 31, 2041 at a rate of free cash flow decline of 75% year over year.

39.     With respect to BofA's *Analyst Price Target Analysis*, the 14D-9 fails to disclose the individual price targets observed and the sources thereof.

40.     With respect to BofA's *Selected Publicly Traded Companies Analysis*, the 14D-9 fails to disclose the individual multiples and financial metrics for each of the companies analyzed by BofA.

41.     With respect to BofA's *Selected Precedent Transactions Analysis*, the 14D-9 fails to disclose the individual multiples and financial metrics for each of the transactions analyzed by BofA.

42.     With respect to BofA's *Discounted Cash Flow Analysis*, the 14D-9 fails to disclose: (i) the individual inputs and assumptions underlying the discount rate range of 10% to 12%; (ii) the estimate of cash proceeds to be received by Principia in connection with a future equity financing assumed to occur in the third quarter of 2020; (iii) the costs associated with future financing assumed to occur in 2022 and 2024; (iv) the fully diluted outstanding shares utilized in the analysis; and (v) the basis for assuming that unlevered free cash flows would decline in perpetuity after December 31, 2041 at a rate of free cash flow decline of 75% year over year.

43.     With respect to BofA's *Wall Street Analysts Price Targets*, the 14D-9 fails to disclose the individual price targets observed and the sources thereof.

44.     The omission of this information renders certain portions of the 14D-9 materially misleading, including, inter alia, the following sections of the 14D-9: "Summary of Centerview Financial Analysis" and "Opinion of BofA Securities, Inc."

***Material Omissions Concerning Company Insiders' Potential Conflicts of Interest***

45.     The 14D-9 fails to disclose material information concerning the potential conflicts of interest faced by the Company's insiders.

46.     The 14D-9 sets forth:

> It is possible that members of our current management team will enter into new compensation arrangements with the Surviving Corporation. We would expect that any such arrangements with the existing management team would be entered into after the completion of the Offer and would become effective after the Merger is completed, if at all.

*Id.* at 8.  The 14D-9 fails, however, to disclose the details of all employment and retention-related discussions and negotiations that occurred between Sanofi and Principia executive officers and directors, including who participated in all such communications, when they occurred and their

content.  The 14D-9 further fails to disclose whether any of Sanofi's proposals or indications of interest mentioned management retention.

47.    Communications regarding post-transaction employment and merger-related benefits during the negotiation of the underlying transaction must be disclosed to stockholders.  This information is necessary for Principia's stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

48.    The omission of this information renders certain portions of the 14D-9 materially misleading, including, inter alia, the following sections of the 14D-9: "Potential for Future Arrangements" and "Background of Offer and Merger."

49.    Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that Company stockholders will continue to suffer absent judicial intervention.

### CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations
of Section 14(e) of the Exchange Act**

50.    Plaintiff repeats all previous allegations as if set forth in full.

51.    Defendants violated Section 14(e) of the Exchange Act by issuing the 14D-9 in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading, or engaged in deceptive or manipulative acts or practices, in connection with the Offer commenced in conjunction with the Proposed Transaction.

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

52.     Defendants knew that Plaintiff would rely upon their statements in the 14D-9 in determining whether to tender her shares pursuant to the Offer commenced in conjunction with the Proposed Transaction.

53.     As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender her shares or seek appraisal.

## COUNT II

### Claims Against the Individual Defendants for
### Violation of Section 20(a) of the Exchange Act

54.     Plaintiff repeats all previous allegations as if set forth in full.

55.     The Individual Defendants acted as controlling persons of Principia within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers or directors of Principia and participation in or awareness of the Company's operations or intimate knowledge of the false statements contained in the 14D-9 filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

56.     Each of the Individual Defendants was provided with or had unlimited access to copies of the 14D-9 and other statements alleged by Plaintiff to be misleading prior to or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

57.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had

the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The 14D-9 at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of this document.

58.     In addition, as the 14D-9 sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The 14D-9 purports to describe the various issues and information that they reviewed and considered — descriptions which had input from the Individual Defendants.

59.     By virtue of the foregoing, the Individual Defendants have violated section 20(a) of the Exchange Act.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of Principia, and against defendants, as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.     In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.     Directing the Individual Defendants to disseminate a 14D-9 that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.     Granting such other and further relief as this Court may deem just and proper.

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: September 16, 2020

**WEISSLAW LLP**

By: */s/ Joel E. Elkins*

Joel E. Elkins
9107 Wilshire Blvd., Suite 450
Beverly Hills, CA 90210
Telephone:  310/208-2800
Facsimile:   310/209-2348

*Attorneys for Plaintiff*

**OF COUNSEL:**

**BRAGAR EAGEL & SQUIRE, P.C.**
Melissa A. Fortunato
885 Third Avenue, Suite 3040
New York, New York 10022
Tel: (212) 308-5858
Fax: (212) 486-0462
Email: fortunato@bespc.com

*Attorneys for Plaintiff*

- 14 -

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS